JANE E. TABER, RESPONDENT, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

*Negligence — contributory negligence — Evidence.*

A train of defendant, upon which plaintiff was a passenger, ran a short distance beyond the station at which she wished to alight, stopped for a moment, and then backed down to the station. As soon as the train stopped, the plaintiff, who was in the last car, supposing it was at the station, and that it would remain there but a short time, without the knowledge of any one in charge of the train, left the car by the rear door, and was on the steps, getting off, when, by a sudden jerk of the train, made in backing to the station, she was thrown off and injured. It was a very dark night. There was no station platform

or light where the plaintiff attempted to leave the car, nor at the usual stopping-place, which was across a highway in front of a hotel. The name of the station had not been announced, and no notice had been given to passengers to alight. The conductor saw the plaintiff after she fell, and made a signal with his lantern to stop the train, but it was not seen. There was no brakeman at the end of the car where plaintiff attempted to alight.

*Held* (1), that the defendant was not guilty of negligence; and (2), that plaintiff, by her negligence, contributed to the injury.

On the trial plaintiff was allowed to testify that she understood the train stopped at the station but a short time, and that the station agent's wife had so told her. *Held,* error.

APPEAL from a judgment entered on a verdict in favor of the plaintiff, and from an order denying a motion for a new trial made on the minutes.

*H. Hurlbut,* for the appellant.

*Chapman & Martin,* for the respondent.

JAMES, J. :

This action was to recover for injuries alleged to have been caused by defendant's negligence. The defendant is a railroad corporation, and runs trains north from Binghamton, past Willard's Station. In January, 1873, plaintiff took passage at Binghamton, for Willard's Station, on the evening train. The usual stopping-place for the train at that station is across the highway, in front of a hotel. On this occasion the train ran a short distance past the stopping-place, but as soon as possible backed to that place. The plaintiff was in the rear car; as soon as the train stopped, without the knowledge of any of defendant's employes in charge of the train, she stepped out of the car door, at the rear, upon the platform, and was stepping down the steps, when, by a sudden jerk of the train, she was thrown off and injured. It was a very dark night; there was no station platform at the place where she attempted to alight, nor any station light. And these acts of the plaintiff took place before the train was brought at rest at the station; before the name of the station had been announced or notice to alight given.

It seemed some of her most serious injuries, after falling off,

arose from the backing of the train; and it seems that the conductor, from the steps of the forward end of the forward car, saw through between the cars a woman lying beside the rail, and, instead of pulling the bell-rope, or calling to the engineer to stop, gave a signal with his light, which was not seen, and the balance of the train passed, cutting her head.

On the foregoing facts arises the questions of negligence: 1st. Did the plaintiff, by negligence, contribute to the injury? 2d. Was the defendant guilty of negligence that caused the injury?

The case also contains exceptions to the admission of evidence. The plaintiff was allowed to testify that she understood the train stopped at Willard's but a short time; also to testify that the station agent's wife so told her. The plaintiff was allowed to show that safety-brakes were not attached to this train, by which a train could be stopped quicker than with others.

In most cases the question of contributory negligence is a mixed one of fact and law; yet, where the evidence is not conflicting, or where plaintiff's negligence appears by his own evidence, it is a question of law only. In this case there is no dispute about the facts. It is certain, but for plaintiff's own folly and negligence, she would not have been injured. It is not material that the train ran a few rods past the station. That did not throw the plaintiff off. It is not an uncommon thing for a train to run past a station. It is one of those things which, from the great momentum and weight of the train, cannot always be avoided. The implied contract between these parties was, that defendant would carry plaintiff to Willard's Station, notify her of the arrival, and when to alight. Instead of waiting for this notice, and before the train had been placed at the station, the plaintiff, without notice to, or knowledge in, the managers of the train, acted on her own volition, sought to alight from the train before it was time, and in doing so received the injury complained of; presenting a clear case where the plaintiff's own negligence was the sole and only cause of the injury. (*Johnson* v. *Hud. R. R.*, 20 N. Y., 65; *Hayes* v. *Gallagher*, 72 Penn., 136.)

The next question is as to the negligence of the defendant. The plaintiff's counsel specifies several particulars, wherein it is claimed the defendant was guilty of negligence, as follows: Plaintiff was a

woman and knew when the train stopped she was to get off; from what she had been told she believed she must get off quickly; there was nothing to indicate to her that the train had run by the station; the train was still; everybody was rushing to the front door to get out; she went to the back door as the safest. There is nothing in all these statements to show negligence in the defendant. They are mostly of a nature excusatory of the plaintiff's own acts. The defendant was not responsible for what another had told the plaintiff about the train, or the length of its stop; nor was it chargeable with knowledge of the plaintiff's fears; nor had its employes any information that she intended to run to the door and jump off on the first intimation of a halt.

It was urged, as a ground of negligence, " that when the plaintiff opened the car door, on going out from the light, it was very dark; that there were no station lights, and never had been; that there was no platform, and never had been; that there was no brakeman present to tell her the train would back up." Conceding all this true, and even that it was negligent, neither in any way contributed to the injury. But neither was an act of negligence. It certainly was not the fault of the company that it was dark; or that, on passing out of the car from the light, it appeared to the plaintiff very dark. Conceding there was no platform or station lights; neither was the cause of the accident. The proper place for either would have been at the station stopping-place, and not where the car stood when plaintiff left it. At the latter place none were required, and she did not wait until the cars got at the proper place, so that their absence from that place did not cause her to fall. So as to having a brakeman present to tell her the train would back up. Of her own accord she left the car at an improper time and place, and railroads are not required to keep a brakeman to aid passengers to alight at other than regular stopping-places. Had plaintiff waited until the train was at the station, *non constat*, a brakeman or conductor would have been present to help the plaintiff off the train.

The running of the train past the station was not the proximate cause of the injury. Had plaintiff retained her seat until the train was placed at the station, no injury like this could have happened to her. The conduct of the conductor, when he saw something lying

by the rail looking like a woman, in not using other methods to stop the train, did not cause the accident. Could the train have been sooner stopped, the extent of the injury might have been lessened. But her being there was through her own negligence, and the conduct of the conductor did not constitute neglect. On the law applicable to this case, I do not see how plaintiff can maintain an action against the defendant.

But there are other grounds for granting a new trial. The court erred in the admission of evidence. Plaintiff's understanding of the time the train stopped at Willard's Station, or what the agent's wife said about it, were not admissible as evidence against the defendant, and as such testimony may have influenced the jury, it ought not to be allowed to stand.

LEARNED, P. J., concurred.

BOARDMAN, J., dissented.

Judgment reversed and new trial granted, costs to abide the event.